All rise. The Honorable United States Court of Appeals for the first time is now in session. All first impelling any business before this Honorable Court, major or near, give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is now in session. Good morning. Please be seated. Before we start, do we make sure Judge Lynch is connected? Good morning, everyone. Good morning. Yes, we can start. The first case this morning is the United States of America versus Alfredo Gonzalez, case number 22-1007. Counselor, the appellant, please approach the podium and put your appearance on the record. Good morning. Hayne Barnwell on behalf of Alfredo Gonzalez. Judge Chiata, may I reserve two minutes for rebuttal? Yes, you may. Thank you. Remand is the proper and prudent course in this case pursuant to United States versus Trinkler for three principal reasons. The first is, like in Trinkler, the district court and the parties did not have this court's critical guidance and in Ruvalcaba. In Trinkler itself provided further clarification of that guidance. Second, like in Trinkler, given that it was without that guidance, the court engaged, the district court in this case engaged in a reason by reason approach rather than a holistic analysis, which considers all of the factors together. And third, once the district court decided that Mr. Gonzalez's medical vulnerabilities to COVID-19 did not themselves constitute extraordinary and compelling circumstances, these factors fell out of its analysis entirely for purposes of both the compassionate release motion and the sentencing reduction hearing that this court should bypass, as it did in Trinkler, bypass the abuse of discretion review and remand with no opinion as to how this comes out once the district court takes this court's guidance and considers everything together as we now know it should. What reason was advanced below for compassionate relief other than the just missing the first step back, which the court did accommodate, and then the claim that he was especially vulnerable to COVID? There was the, is the court talking just about the compassionate release or once we get into sentencing reduction hearing? Because at the sentencing reduction hearing, rehabilitation did come up as another ground to reduce the sentence. So. He reduced the sentence. Correct. But your client wants more. Your client wants essentially an elimination of the remainder of the sentence. Well, in actually the hearing itself, the sentencing reduction hearing itself, or I'm sorry, the compassionate release motion itself, the defense counsel did push for immediate release from COVID-19. However, if the court looks at page 143 of the record appendix, defense counsel did sort of engage in that, what should have been the holistic analysis, which was either separately or together propose a sentencing reduction, not just immediate release. And I think because the only reason put forward was the claim of unusual susceptibility or vulnerability to COVID, which by its logic would be an all or nothing proposition. You don't say, well, because of that, I'm going to just give you a five-year sentence. But I think that the reason by reason approach naturally led to this all or nothing or either and the court and the parties for sure all kind of fell into that. Come back to when you say reason by reason, if there is only one reason that's in play, then there is no difference between a holistic approach and a reason by reason approach. They become identical. So again, my question is with what argument I've read the transcript, I have trouble finding any argument that's put forward other than COVID. And I think in the compassionate release motion, the compassionate release motion was COVID-19. And they, again, sort of did it ground by ground. So first he considered, I think he actually took the sentencing disparity issues, sentencing issues first, and then again, did that sort of reason by reason. I'm having trouble with this reason by reason approach. We want district judges to address the grounds that have been raised before them. As Judge Kayata said, there was one ground on the compassionate release. I don't understand Trexler to be saying much more than you need to review the entire record. And here, didn't the district court review the entire record? He noted the record, but he said he did. Yes, yes. And but he did not. So what is wrong with the district courts adopting an approach of responding directly to all of the arguments made? And then in addition, looking at the 3553A sentencing factors? There's nothing wrong on its own. However, once he denied, once he determined that COVID-19 and vulnerabilities did not on their own constitute extraordinary compelling circumstances, they completely fell out. If the court reads the sentencing reduction hearing, it's not there. The only thing the district court talks about is in terms of COVID-19 is, well, certainly that has made your prison adjustment difficult. And, you know, could defense counsel have kept pressing even despite the denial on that ground compassionate release? Could the defense counsel kept pressing the medical vulnerabilities and COVID-19 at the sentencing reduction hearing? Absolutely, he should have. And that would have been the better practice. But I think because everyone was sort of operating in the dark about do we do this ground by ground? And also the facts on the ground are important. The facts on the ground that we had at the time, everyone sort of expected that the pandemic was an emergency, but it had an end date, and the house was sort of on fire, you know, and we were trying to get out the prisoners as quickly as possible. And what we know now, unfortunately, is that not only is it a house on fire for medically vulnerable people like Mr. Gonzalez, but it's actually also this slow burn of cumulative risks of reinfection and risks of long COVID. So that now the analysis should not only take into account the factors together, but should take into account, you know, it's not an either or you're out now or you get nothing, but that may I go back to your opening argument, which is that we should bypass the abuse of discretion standard of review. What is the basis for that? Trinkler itself in its conclusion states that we're not going to engage in the abuse of discretion analysis, the more preventative. That is not a holding that abuse of discretion does not apply. In general, abuse of discretion certainly applies to motions like this. However, Trinkler does have this prudential approach, which should apply here. When the court and the parties themselves are again operating in the dark and they don't have this court's guidance, the prudent course should be to remand. And it might be that I or more able counsel won't be able to convince the district court to lower it down from 180 to say 168, which is at least still within the guideline range. That might be the case. And this court could say we're not going to, you know, tell you how to resolve this holistic analysis. But Mr. Gonzalez should have a chance, a chance to do so. Thank you, Your Honor. Thank you. Good morning, Seth A. Frame for the United States. It doesn't strike me that what happened in Trinkler is what happened here. Trinkler, there was a constellation of facts related to the district court, viewed some of them as legally insufficient, but then concluded one was legally sufficient to then base relief on the legally sufficient ground as the district court sought. The error or what actually was needed for clarification was, did the district court consider them as a whole because you're not supposed to go through and say, well, one is legally sufficient, another is not without considering them all together. But they were all considered together here. Judge Barbadaro never suggested that COVID-19 wasn't a sufficient, wasn't a possible basis for relief. He considered it in detail. He thought about it and he decided that that wasn't a basis upon which relief should be given because of factual facts on the ground. The defendant could have been, the vaccinations were available, mitigation effects were in place. That's a very contextualized, individualized decision. As I think Judge Lynch is suggesting, reason by reason, well, of course, we have to talk about what the people are arguing. So this was argued, Judge Barbadaro considered it in light of the individual and concluded that it just did not affect his thinking as a reason to be more lenient. There was another reason that did affect his thinking about the First Step Act and the timing of the changes in 851 and that did affect his thinking. And he said, I am going to consider a lower sentence for that reason because in light of all of your circumstances, that one moves me, the district judge, to think that the sentence you received was so harsh. There was nothing that said that COVID couldn't have been discussed at the resentencing. Judge Barbadaro didn't say you can't talk about it, but he suggested the defense himself, the defendant himself argued for immediate release. And Judge Barbadaro explained that this defendant should not get immediate release. I understand everything about COVID. I understand he had it before. I understand his symptoms. I understand everything. And I also understand he committed a serious crime with a significant criminal record. He abused a co-defendant. All of those reasons make me, Judge Barbadaro, conclude that I'm not going to give him immediate release is what you're asking for. But I will consider how it affects other co-defendants, the effect of the timing of the FSA, and those move me to want to give you a lesser sentence. That's exactly what we want. That is a holistic approach. That is considering everything. Sure, the judge did it over multiple hearings because he was confronted for the first time before Rule of Cava with the issue of can non-retroactive changes be considered. He had to think about that. He had to research it. He had to consider it. So it happens over a few hearings. But looking at all those hearings together, it was a holistic approach. We should consider it by abuse of discretion. He gave careful consideration to all of it, gave the defendant relief. Sure, the defendant wants more relief, but that's what district court judges do, and this one did it responsibly. So if the court doesn't have any questions, that's the government's argument. Thank you. Just very quickly, Your Honor. I think what might be perhaps a bit different than Trinkler, but at the same time the same, which is you have these sphere of reasons over here, and you have these sphere of reasons over there, but they don't come together. Again, that might be because the court did not have this court's guidance in Rule of Cava and Trinkler, and so he didn't know to put those together. And he also notes in a before the sentencing reduction hearing, I believe it's in the compassionate release hearing, where he is very, very reticent to overstep his perceived bounds. He is very careful not to do that. And he also talks about how, I don't know what extraordinary means. I find that very challenging on a case-by-case basis. And I think he would be to take this court's guidance, do it holistically, and he may come to the same decision, but maybe not. Thank you, Your Honor. Thank you.